**Michael Fuller, Oregon Bar No. 09357**
Lead Special Counsel for Debtor
**Rex Daines, Oregon Bar No. 952442**
Of Special Counsel for Debtor
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly Jones, Oregon Bar No. 074217**
Of Special Counsel for Debtor
kellydonovanjones@gmail.com
Phone 503-847-4329

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Jens Peter Soballe**<br><br>Debtor. | Case No. 11-40345-tmb7<br><br>**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY**<br><br>11 U.S.C. § 524 |

### LBR 7007-1 CERTIFICATION

Prior to filing this motion, debtor made various unsuccessful attempts to resolve this matter directly with Portland State University ("PSU"). *See* Exhibit 1. Rather than communicate through counsel or seek a Court determination as to the propriety of its future conduct, PSU unilaterally decided to harass debtor with ongoing collection efforts. *Id.*

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 1 of 11

## MOTION

Under 11 U.S.C. §§ 105 and 524 and this Court's inherent and equitable power, debtor moves for entry of an order of contempt and a money judgment against PSU based on clear and convincing evidence that after receiving actual notice of this Court's discharge order, PSU **(1)** seized debtor's tax refund to pay its discharged debt, **(2)** assigned debtor's discharged debt to a third party collector, and **(3)** has repeatedly refused to provide debtor his transcripts unless and until he pays its discharged debt.

## PRAYER FOR RELIEF

Pursuant to LBR 9020-1, debtor prays for damages and relief as follows:

A. **IT IS ORDERED** that Portland State University is held in contempt of the discharge injunction;

B. **IT IS ORDERED AND ADJUDGED** that Portland State University must pay debtor compensatory damages for his emotional harm and economic loss, and/or mild sanctions;

C. **IT IS ORDERED AND ADJUDGED** that after a short evidentiary hearing, Portland State University must reimburse the law firms of Olsen Daines PC and Kelly Jones for their reasonable attorney fees and costs in this contempt proceeding.

## QUESTION TO BE DECIDED

Does clear and convincing evidence prove that PSU willfully violated this Court's discharge order entered March 12, 2012? **(Yes)**

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 2 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

Case 11-40345-tmb7    Doc 18    Filed 04/11/16

## RELEVANT FACTS

### A. Bankruptcy Protection

Prior to filing bankruptcy, debtor owed a debt to PSU for unpaid tuition. Soballe decl. ¶ 2. The debt was not the result of a loan or advance of money or extension of credit. *Id.* at ¶ 3; Exhibit 2. Debtor took one class at PSU in the summer of 2010. *Id.* at ¶ 2. Before completion of the 2010 summer term, debtor registered for 2010 fall term classes. *Id.* Debtor was then unable to obtain financial aid and still owed PSU about $150 from the 2010 summer term. *Id.* As a result, PSU would not let debtor drop the 2010 fall term classes he had previously registered for. *Id.* Debtor never attended the 2010 fall term classes at PSU and debtor received no services or benefits from PSU in the 2010 fall term. *Id.* The debt PSU continues to collect from debtor as of the date of this motion after bankruptcy is from the 2010 fall term classes he was never allowed to drop and never received any benefit from. *Id.*

On December 6, 2011, debtor sought bankruptcy protection under Chapter 7 of Title 11. Doc. 1.[1] PSU was listed as a creditor and received actual notice of the filing. Doc. 6.

### B. Discharge Order

On March 12, 2012, this Court entered an order discharging debtor's personal liability to PSU. Doc. 12. PSU received actual notice of the discharge order from the bankruptcy noticing center and from debtor and debtor's counsel on various occasions. *Id.*; Soballe decl. ¶ 4.

---

[1] All references to "Doc." are to the docket in District of Oregon bankruptcy case number 11-40345-tmb7.

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 3 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

### C. Debt Collection After Bankruptcy

After receiving actual notice of the discharge order, PSU seized debtor's tax refund to pay its discharged debt. Soballe decl. ¶ 5.

### D. Assignment of Debt After Bankruptcy

After receiving actual notice of the discharge order, PSU assigned debtor's discharged debt to a third party collector. Soballe decl. ¶ 5.

### E. Refusal to Provide Transcripts After Bankruptcy

After receiving actual notice of the discharge order, PSU has repeatedly refused to provide debtor his transcripts unless and until he pays its discharged debt. Soballe decl. ¶ 5.

### F. Refusal to Communicate Through Counsel

Prior to the filing of the instant motion, PSU has refused to communicate through counsel or seek a Court determination as to the propriety of its collection activities. Soballe decl. ¶ 5; Exhibit 1.

## LEGAL POINTS AND AUTHORITIES

### A. Authority to Enforce the Discharge Order

Section 105 of Title 11 empowers bankruptcy courts to issue orders and judgments as necessary to enforce section 524's discharge order provisions. Bankruptcy courts also possess inherent powers to sanction bad faith conduct, so long as the sanctions don't contravene express Code provisions. *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014).

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 4 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

Case 11-40345-tmb7    Doc 18    Filed 04/11/16

B. **Effect of Discharge**

Section 524 of Title 11 provides for a broad injunction to ensure debtors receive a fresh start. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[2] (16th ed. 2012).

The discharge order prohibits attempts to collect unpaid tuition debt, so long as the debt was not the result of a loan or advance of money or extension of credit. *See, e.g., In re Shojayi*, 515 B.R. 329 (Bankr. D. Kan. 2014) (unpaid tuition for terms debtor's children never attended did not constitute a "loan" or "extension of credit" under § 523(a)(8)(A)); *Bos. Univ. v. Mehta (In re Mehta)*, 310 F.3d 308 (3d Cir. 2002) (nonpayment of tuition when it became due resulted in dischargeable debt under § 523(a)(8)(A)); *In re Chambers*, 348 F.3d 650 (7th Cir. 2003) (same); *Navarro v. Univ. of Redlands (In re Navarro)*, 284 B.R. 727 (Bankr. C.D. Cal. 2002) (same); *D'Youville Coll. v. Girdlestone (In re Leonard P.)*, 525 B.R. 208 (Bankr. W.D.N.Y. 2015) (same); *Coll. of St. Rose v. Regner*, 98-CV-1090, 1999 U.S. Dist. LEXIS 1155 (N.D.N.Y. Feb. 4, 1999) (same); *Cazenovia Coll. v. Renshaw (In re Renshaw)*, 222 F.3d 82 (2d Cir. 2000) (same); *In re Kuehn*, 563 F.3d 289 (7th Cir. 2009) (university's refusal to provide transcripts unless debtor repaid pre-petition tuition debt violated the discharge injunction).

In *McKay v. Ingleson*, the Ninth Circuit held a debtor who drew upon tuition advances through immediate class attendance entered a non-dischargeable "loan" because "the amount she was required to repay was determined by the costs" of the educational benefit she actually received. *McKay v. Ingleson*, 558 F.3d 888, 891 (9th Cir. 2009). The *McKay* opinion reasoned that the various dictionary definitions of "loan" each involved some credit or benefit, furnished to and received by a debtor at their request. *McKay*, 558 F.3d at 890. The *McKay* Court held that

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 5 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

where no funds change hands, the amount of any alleged "loan" must be based on the actual benefit received by the debtor. *Id.* at 891.

1. *Legislative history*

Legislative history demonstrates that the purpose of the discharge order was to "eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts." H.R. Rep. No. 95-595, at 365-66 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6321. The discharge injunction "is intended to insure that once a debt is discharged, the debtor will *not be pressured in any way* to repay it. In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that." *Id*. at 366 (emphasis added).

"Given its important role in achieving the Bankruptcy Code's overall policy aim of giving a debtor a 'fresh start,' § 524(a)(2) is an expansive provision that is sensitive to the diversity of ways a creditor might seek to collect a discharged debt." *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1321 (11th Cir. 2015) (creditor's proof of claim on discharged debt constituted coercive conduct in violation of § 524(a)(2) even though creditor made no explicit demand for payment to debtor).

2. *Debt collection prohibited*

The plain language of § 524 prohibits any act to collect or recover payment of discharged debt, including the interception of tax refunds by governmental units. 11 U.S.C. § 524(a)(2). *See In re Diaz*, 452 B.R. 257 (Bankr. M.D. Fla. 2009) (seizure of tax refund after bankruptcy willfully violated discharge injunction).

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 6 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

### 3. Assignment of debt prohibited

The discharge order prohibits a creditor from assigning a discharged debt to a third party collection agency after bankruptcy. *See, e.g., In re Laboy*, 2010 Bankr. LEXIS 345 (Bankr. D.P.R. Feb. 2, 2010) (denying motion to dismiss § 524 claim based on creditor's post-discharge assignment of debtor's account to a collection agency); *In re Nassoko*, 405 B.R. 515 (Bankr. S.D.N.Y. 2009) (denying motion to dismiss contempt claim based on creditor's assignment of discharged debt to third party collector after bankruptcy); *In re Faust*, 270 B.R. 310 (Bankr. M.D. Ga. 1998) (holding creditor in contempt based on its assignment of discharged debt to collection agency after bankruptcy); *In re Lafferty*, 229 B.R. 707 (Bankr. N.D. Ohio 1998) (creditor held in contempt of discharge injunction by referring debtor's account to a collection agency after bankruptcy), etc.

### 4. Withholding transcripts prohibited

A creditor's refusal to release a debtor's university transcripts until discharged debt is paid violates the discharge order. *See, e.g., In re Kuehn*, 563 F.3d 289 (7th Cir. 2009).

## C. Enforcement of the Discharge Order

In the Ninth Circuit, debtors must enforce discharge orders by filing motions for contempt. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506-07 (9th Cir. 2002); *Barrientos v. Wells Fargo Bank*, 633 F.3d 1186, 1191 (9th Cir. 2011); Fed. R. Bnkr. P. 9020.

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 7 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

D.  **Elements of Contempt**

Contempt requires proof a creditor (1) had knowledge of a bankruptcy court order and (2) intended conduct that violated the order. *ZiLOG, Inc. v. Corning*, 450 F.3d 996, 1007 (9th Cir. 2006).

E.  **Legal Standard for Contempt**

To recover sanctions against a creditor, a violation must be proved with clear and convincing evidence. *Renwick v. Bennett, (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002).

Creditors are generally entitled to an evidentiary hearing as to whether they received actual notice of a court order. *Yen v. Pedroche (In re Pedroche)*, 2014 Bankr. LEXIS 4689 (9th Cir. BAP Nov. 10, 2014).

F.  **Sanctions for Contempt**

A willful violation of the discharge order entitles aggrieved debtors to compensatory sanctions including actual damages, mild coercive sanctions, and reimbursed attorney fees and costs through trial. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1197 (9th Cir. 2003); *In re Segal*, BAP No. CC-14-1175-KuPaTa, pg. 19 (9th Cir. BAP Jan. 29, 2015); *In re Culpepper*, 2013 Bankr. LEXIS 541, 2013 WL 501662 (Bankr. D. Or. Feb. 11, 2013) (*aff'd*, Mosman, J.).

1.  *Compensation for emotional harm*

A debtor is entitled to recover compensation for emotional harm resulting from a violation, even in the absence of any economic loss. *In re Feldmeier*, 335 B.R. 807, 813-814 (Bankr. D. Or. 2005) (awarding $10,000 emotional harm damages under § 524 without any

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 8 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

Case 11-40345-tmb7    Doc 18    Filed 04/11/16

economic loss); *In re Culpepper*, 481 B.R. 650, 655 (Bankr. D. Or. 2012) (*aff'd*, Mosman, J.) (awarding $4,000 emotional harm damages under § 524 without any economic loss).

## ARGUMENT

This Court should hold PSU in contempt of the discharge order. Clear and convincing evidence shows PSU received actual notice of this Court's March 12, 2012 discharge order from the bankruptcy noticing center [Doc. 12] and from debtor directly. Exhibit 1.

PSU willfully violated the discharge order entered in debtor's bankruptcy case by **(1)** seizing debtor's tax refund to pay its discharged debt, **(2)** assigning debtor's discharged debt to a third party collector, and **(3)** refusing to provide debtor his transcripts unless and until he pays its discharged debt. Soballe decl. ¶ 5.

The Second, Third, and Seventh Circuit Courts of Appeals (and various lower courts) have all held that unpaid tuition is dischargeable in bankruptcy. *See, e.g., In re Mehta; In re Chambers*; *In re Renshaw*. Although the Ninth Circuit's *McKay* opinion seemingly created a circuit split as to the issue under unique circumstances, *McKay* is easily distinguishable from the instant case. The reasoning in *McKay* is focused on the fact that the debtor in *McKay* attended her classes and received an educational benefit from her university. *McKay*, 558 F.3d at 890. In the instant case, debtor was not allowed to drop class, and received no benefit, educational or otherwise, from PSU, in exchange for the debt PSU now attempts to collect from him. Soballe decl. ¶ 2. Respectfully, if this Court cannot distinguish *McKay*, debtor intends to appeal because the plain text of § 523(a)(8)(A) does not except his debt to PSU from discharge based on the specific facts of this case.

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 9 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

Case 11-40345-tmb7    Doc 18    Filed 04/11/16

For the reasons above, after notice and opportunity to appear at an evidentiary hearing, debtor respectfully requests entry of an order of contempt and a money judgment against PSU.

## CONCLUSION

Under 11 U.S.C. §§ 105 and 524 and this Court's inherent and equitable power, debtor respectfully requests entry of an order holding PSU in contempt of this Court's discharge order and entry of a money judgment awarding debtor fair compensation for his emotional harm and economic losses to be proved at trial. *See* Soballe decl. ¶ 6.

After evidentiary hearing, debtor requests entry of a money judgment awarding the law firms of Olsen Daines PC and Kelly Jones reimbursement of their reasonable attorney fees and costs in this contempt proceeding. Debtor also moves for any other equitable relief that this Court may determine is fair and just.

DATED: April 11, 2016

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, Oregon Bar No. 09357**
Special Counsel for Debtor
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 10 of 11

Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

# CERTIFICATE OF SERVICE

      I certify that on the date below, I caused this document and all attachments to be served on creditor at the address below by U.S. Mail, first class regular and certified mail, postage pre-paid, and by email:

**Portland State University**
**c/o President Wim Wiewel**
**1600 SW 4th Ave**
**Portland, Oregon 97201**
president@pdx.edu

DATED: April 11, 2016

                                        /s/ Michael Fuller
                                        **Michael Fuller, Oregon Bar No. 09357**
                                        Special Counsel for Debtor
                                        Olsen Daines PC
                                        US Bancorp Tower
                                        111 SW 5th Ave., Suite 3150
                                        Portland, Oregon 97204
                                        michael@underdoglawyer.com
                                        Direct 503-201-4570

**DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY** - Page 11 of 11

                                                          Olsen Daines PC
                                                          US Bancorp Tower
                                                          111 SW 5th Ave., Suite 3150
                                                          Portland, Oregon 97204

Case 11-40345-tmb7    Doc 18    Filed 04/11/16

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**Jens Peter Soballe**

Debtor.

Case No. 11-40345-tmb7

**DECLARATION OF JENS SOBALLE**

**IN SUPPORT OF DEBTOR'S MOTION FOR ORDER OF CONTEMPT AND JUDGMENT AGAINST PORTLAND STATE UNIVERSITY**

## DECLARATION

I, Jens Soballe, declare the following under penalty of perjury to be used as evidence in court:

1. I know the facts I am testifying about based on my personal knowledge.

2. Prior to filing bankruptcy, I owed a debt to PSU for unpaid tuition. I took one class at PSU in the summer of 2010. Before completion of the 2010 summer term, I had registered for 2010 fall term classes. I was then unable to obtain financial aid and still owed PSU about $150 from the 2010 summer term. As a result, PSU would not let me drop the 2010 fall term classes I had previously registered for. I never attended the 2010 fall term classes at PSU and received no services or benefits from PSU in the 2010 fall term. The debt PSU continues to collect from me after bankruptcy is from the 2010 fall term classes I was never allowed to drop and never received any benefit from.

3. My debt to PSU was not the result of a loan or advance of money or extension of credit. The document attached as Exhibit 2 is a true and correct copy of my agreement with PSU.

**DECLARATION OF JENS SOBALLE** - Page 1 of 2

4. My bankruptcy attorney and I provided PSU notice of the discharge order on multiple occasions. The document attached as Exhibit 1 is a true and correct copy of a letter my bankruptcy attorney sent to PSU.

5. After receiving actual notice of the discharge order, PSU seized my tax refund to pay its discharged debt. PSU has repeatedly refused to provide me my transcripts unless and until I pay its discharged debt. PSU has assigned my discharged debt to a third party debt collector. If it was not for my discharged debt, PSU would have otherwise provided me a copy of my transcripts. PSU has refused to communicate through counsel.

6. As a direct result of PSU's post-discharge collection efforts, I've suffered and continue to suffer severe ongoing emotional harm and economic losses that I intend to prove at evidentiary hearing.

7. Now I've had to incur attorney fees to special counsel after bankruptcy just to realize my fresh start.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: April __11__, 2016

_____
Jens Soballe

**DECLARATION OF JENS SOBALLE** - Page 2 of 2

March 18, 2015

Portland State University
ATTN: Transcript Requests
PO Box 751
Portland, OR 97207-0751

Re:     Jens Soballe
        Chapter 7 Bankruptcy Case No. 11-40345-7
        PSU ID No.      2545
        Social Security No. xxx-xx-6111

Dear Portland State University:

    Please be advised that Mr. Soballe filed for Chapter 7 relief under the US Bankruptcy Act on December 6, 2011. The discharge was granted on or about March 9, 2012.

    Although educational loans are an exception to discharge, failure to pay tuition is <u>not</u> a loan. See *In re Oliver,* No. 12-4185 (Bankr. S.D. Ind. Oct 8, 2013) where the court found that unpaid tuition is not a loan and therefore is dischargeable in bankruptcy. The court quoted and followed a line of cases including *In re Chambers*, 348 F. 3d 650 (7th Cir. 2003) and *In re Mehta* 310 F. 3d 308 (3rd Cir. 2002). Therefore the debt here to Portland State University was discharged in bankruptcy.

    Also you may be interested to know that the *Oliver* court stated that refusing to forward the debtor's transcript was an attempt to collect a debt in violation of the discharge injunction, per the case of *In re Kuehn*, 563 F.3d 289 (7th Cir. 2009).

    In light of the above, please provide Mr. Soballe with the transcript he requested, and please desist from attempts to collect this debt.

    Thank you for your attention to this matter.

                                  Sincerely yours,


                                  J. Marvin Benson

cc: Jens Soballe
    Portland Sate University, Office of General Counsel
    Account Control Technology, Inc., PO Box 88012, Canoga Park, CA 91309

# Portland State University
## REVOLVING CHARGE ACCOUNT AGREEMENT

Student Identification

Name: Soballe    Jens    P
    (Last)    (First)    (MI)

Birth Date: _____

Student Identification Number: ███2545

*Social Security Number: ███6111

Telephone Number: _____

Driver's License Number: _____    State: _____

Mailing Address:

> 765 SE Mt Hood Hwy    Apt H263
> Gresham    OR 97080

Name and address of someone who will know your whereabouts at a future date:

**AGREEMENT**

I the undersigned, understand and agree as follows:
1) all of the terms and conditions stated on the following page of this document apply to this agreement;
2) this agreement will be subject to the administrative rules of Portland State University in effect now or in effect when fees/charges are incurred;
3) this agreement will remain in effect as long as my account has an outstanding balance;
4) if I am a student, any credit extended to me is an educational benefit or loan; and
5) if any portion of my account becomes delinquent, Portland State University will request that any Oregon tax refund due me, not to exceed my unpaid balance, be applied to my account as provided by Oregon law, regardless of any voluntary payment or payment arrangement.

Student's Signature: Jens P Soballe (E-Signature)    Date/Time: 10/30/2005 11: 9:31 PM

*You are requested to provide voluntarily your Social Security Number to assist OUS (and organizations conducting studies for or on behalf of OUS) in developing, validating, or administering predictive tests and assessments; administering student aid programs; improving instruction; internal identification of students; collection of student debts; or comparing student educational experiences with subsequent workforce experiences. When conducting studies, OUS will disclose your SSN only in a manner that does not permit personal identification of you by individuals other than representatives of OUS (or the organization conducting the study for OUS) and only if the information is destroyed when no longer needed for the purposes for which the study was conducted. By providing your Social Security Number, you are consenting to the uses identified above. This request is made pursuant to ORS 351.070 and 351.085. Provision of your SSN and consent to its use is not required and, if you choose not to do so, you will not be denied any right, benefit or privilege provided by law. You may revoke your consent for the use of your SSN at any time by writing to: Portland State University Registrar, PO Box 751, Portland, OR 97207.

Return To:    **Portland State University
Business Affairs - BO/AR
PO Box 202
Portland, OR 97207**

Portland State University - Accounts Receivable: RCAP 03/17/2005

# Portland State University

OFFICE OF THE BURSAR . BUSINESS AFFAIRS
PO BOX 202 . PORTLAND, OREGON 97207-0202 . PHONE (503) 725-3440 . FAX (503) 725-5594

## REVOLVING CHARGE ACCOUNT PLAN

**TERMS AND CONDITIONS:**

(1) **Eligibility**. Any person, organization or agency that incurs charges, fines, or penalties at Portland State University is eligible to participate in the Revolving Charge Account Plan.

(2) **Required Payments. Students must pay any Prior term charges Plus current term tuition and fees on or before the designated Due Date (as defined below) each term**. The unpaid balance is subject to the terms and conditions of this Revolving Charge Account Plan. The option to pay the unpaid balance in full always exists. Portland State University may deny use of installment payment privileges to persons who do not have a good credit history with Portland State University or have been in default on student loans.

(3) **Late Payment Fees.** Current term tuition and fees must be paid in full by the end of finals week of the current term. A one hundred dollar ($100) late payment fee will be assessed on accounts with any unpaid current term tuition remaining at the end of the term (ORA 577-060-0020).

(4) **Interest Charges**. Portland State University charges interest on the account balances not paid within the grace period.

   a. Interest will be charged at an annual interest rate of 12 percent (.0003288 daily rate).

   b. Portland State University computes the interest charge on an account by applying the daily rate, multiplied by the number of days since the previous billing date, to the Previous Billed Balance" remaining on the account on the billing date. Interest charges are calculated and applied monthly.

(5) **Billing Charge.** A five dollar ($5) billing charge will be assessed on the next billing date if the total amount due has not been paid during the grace period (OAR 577-606-0020).

(6) **Penalties**. Portland State University will impose penalties on Delinquent Accounts as follows:

   a. Registration will be denied.

   b. The extension of credit, provision of services, transcripts, and diplomas will be withheld.

   c. Telephone services will be disconnected or denied when past due accounts relate to telecommunication charges.

   d. The status of the account may be reported to credit reporting bureaus.

   e. Accounts will be referred to the Oregon Department of Revenue and/or outside collection agencies, and/or the Oregon Department of Justice.

   f. Accounts will be referred to the Oregon Department of Revenue for state tax refund offset.

(7) **Collection Costs**. Accounts referred to collection will be assessed all costs and charges incurred in the collection of any amount unpaid when due, including, but not limited to, Oregon Department of Revenue charges, collection agency charges, reasonable attorney's fees, including attorney fees on appeal, and court costs.

(8) **Address Updates**. Until all outstanding account balances are paid in full, the debtor is solely responsible for immediately notifying the Office of the Registrar of any change in address or name.

(9) **Repayment Through Financial Aid**. It is the policy of Portland State University to use any financial aid, including but not limited to, Stafford, SLS or Perkins Loan proceeds to pay in full all accounts receivable debts and other current term charges BEFORE releasing any remaining financial aid to the recipient.

(10) **Billing Rights Summary**. In case of errors or questions, a debtor may challenge a charge within 60 days after the first billing statement on which the suspected error or problem appeared, by directing his/her inquiry to the office initiating the charge. If an error occurred, affected charges will be adjusted. Tuition charges are disputed by petitioning Admissions and Records within 12 months. After these deadlines, tuition and other charges are disputed via Hearing Letter to the Bursar's Office, PO Box 202, Portland, 97207.

(11) **Notification of Changes**. Portland State University may amend these Terms and Conditions without securing a new agreement. Portland State University will notify student of any changes in interest, charges or fees in advance of the change. The option to pay in full always exists. If unpaid, student is bound by the changes.

**DEFINITIONS:**
**Student**: Any person who is currently or has in the past been enrolled at Portland State University.
**Due Date:** Date set by Portland State University for payment, as specified on the billing statement or other form of notification such as the Schedule of Classes.
**Future Balance**: Amounts shown on the account which are due at a future date not in the current billing cycle.
**Grace Period**: The time period between posting charges to an account and the date on which interest accrual begins.
**Outstanding Balance:** Total amount of account balances at any given time.
**Past Due:** Amounts are considered "past due" when not paid by the due date, and are subject to interest and penalties.
**Previous Billed Balance**: The total of past due amounts, including fees, charges, prior interest and penalties, less payments and credits received to date. The "previous billed balance" does not include any new charges added to the account since the last billing or to charges assigned future due dates.
**Delinquent Account**: Any account on which the required payments have not been received.